JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAN CHUNG, | NO. CV 13-2337 FMO (CWx) |
| Plaintiff, | |
| v. | **ORDER REMANDING ACTION TO STATE COURT** |
| TWILA MERAZ, et al., | |
| Defendants. | |

On February 19, 2013, Tran Chung ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles ("state court") against Twila Meraz ("Meraz"), Sparkle Holmes, and Does 1 to 10, in what appears to be a routine unlawful detainer action. (See Notice of Removal of Civil Action ("NOR"), Exh. A, ("Complaint")). In the Complaint, plaintiff seeks: (1) possession of the premises at issue; (2) payment of past due rent; (3) damages for the fair rental value of the premises; and (4) forfeiture of the lease agreement. (See id. at 3).

On April 2, 2013, Meraz removed the case to this court pursuant to 28 U.S.C. §§ 1331.[1] (See NOR at 2). The court hereby sua sponte remands this action to state court for lack of

---

[1] Defendant Sparkle Holmes did not join in the Notice of Removal.

jurisdiction. See 28 U.S.C. §§ 1447(c);[2] Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.") (citation omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, at *1-2 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte) (citations omitted).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (citations omitted). Here, the court's review of the Notice of Removal and the attached Complaint, (see, generally, Notice of Removal), make it clear that this court has neither federal question nor diversity jurisdiction over the instant matter.

As an initial matter, plaintiff could not have brought this action in federal court in the first place, in that plaintiff does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore removal is improper. See 28 U.S.C. § 1441(a)[3]; Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). The state court complaint attached to the Notice of Removal asserts a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1161(2). (See Complaint at 2). The complaint discloses no federal statutory or constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal.

---

[2] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[3] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

1  2010) ("An unlawful detainer action does not arise under federal law."); Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Further, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[4] On the contrary, the caption of the Complaint recites that the amount in controversy "[d]oes not exceed $10,000." (Complaint at 1); see also Cal. Rules of Court 2.111(9). The only other reference to the amount in controversy is in plaintiff's prayer for relief which requests "past due rent of $1,500.00," "damages at the rate of [$50.00 per day,] for each day that defendants remain in possession through entry of judgment," and for "costs incurred in this proceeding." (Complaint at 3); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938), superseded by statute on other grounds (the status of a case as disclosed by a plaintiff's complaint is controlling for purposes of removal). Because the amount of damages that plaintiff seeks appears to be $75,000 or less, defendant fails to meet his burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted).

Finally, there is no merit to Meraz's contention that federal question jurisdiction exists because plaintiff purportedly attempts to "ply the power of the State Court to skirt due process guarantees and deprive Defendants of their interests notwithstanding [a court] [a]ppelate ruling that homeowners cannot be evicted, consistent with due process guarantees, without being permitted to raise affirmative defenses which if proved would maintain their possession and ownership." (NOR at 2) (citing Asuncion v. Superior Court of San Diego County, 108 Cal.App.3d

---

[4] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

3

141 (1980). It is well-settled that a "case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430. Nor can a counterclaim "serve as the basis for [§1331][5] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys. Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 1894 (2002). Thus, to the extent Meraz's defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not provide a basis for federal question jurisdiction. See Deutsche Bank Nat. Trust Co. v. Perez, 2012 WL 3027678, at *3 (N.D. Cal. 2012) ("[T]o the extent [d]efendants' defense to the unlawful detainer action is based on alleged violations of the federal constitution, those allegations do not provide a basis for federal jurisdiction.").

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

### CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to Los Angeles County Superior Court, Van Nuys / Northwest District, 6230 Sylmar Avenue, RM 107, Van Nuys, CA 91401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 21st day of June, 2013.

                                                        /s/
                                        Fernando M. Olguin
                                      United States District Judge

---

[5] Title 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."